AO 245B (Rev. 11/25)    Judgment in a Criminal Case
                        Sheet 1

# UNITED STATES DISTRICT COURT

## Northern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA<br>**v.**<br>Edgar Alexis Garcia Riego | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number:  CR-25-00238-001 MMC<br><br>USM Number:  98196-511<br><br>Defendant's Attorney:  Samantha B. Jaffe (AFPD) |

**THE DEFENDANT:**

- [x] pleaded guilty to count: <u>One of Indictment</u>
- [ ] pleaded nolo contendere to count(s): which was accepted by the court.
- [ ] was found guilty on count(s): after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 2252A(a)(5)(A) and (b)(2) | Possession of Child Pornography | 07/19/2025 | One |
| | | | |
| | | | |

The defendant is sentenced as provided in pages 2 through  7  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

- [ ] The defendant has been found not guilty on count(s):
- [ ] Count(s)  dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

12/10/2025
Date of Imposition of Judgment

*Maxine M. Chesney*
Signature of Judge

The Honorable Maxine M. Chesney
Senior United States District Judge
Name & Title of Judge

12/12/2025
Date

AO 245B (Rev. 11/25)    Judgment in a Criminal Case
                        Sheet 2 — Imprisonment

DEFENDANT: Edgar Alexis Garcia Riego                                    Judgment — Page 2 of 7
CASE NUMBER: CR-25-00238-001 MMC

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
     Time served plus one day.

The appearance bond is hereby exonerated, or upon surrender of the defendant as noted below.  Any cash bail plus interest shall be returned to the owner(s) listed on the Affidavit of Owner of Bond Security form on file in the Clerk's Office.

☐    The Court makes the following recommendations to the Bureau of Prisons:

☑    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

    ☐    at   on  (no later than 2:00 pm).

    ☐    as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐    at   on  (no later than 2:00 pm).

    ☐    as notified by the United States Marshal.

    ☐    as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at

_____ , with a certified copy of this judgment.

_____
                              UNITED STATES MARSHAL

By  _____
                        DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 11/25)    Judgment in a Criminal Case
Sheet 3 — Supervised Release

DEFENDANT: Edgar Alexis Garcia Riego
CASE NUMBER: CR-25-00238-001 MMC

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: <u>5 years.</u>

The court imposes a five-year term of supervised release. However, upon release from imprisonment, the defendant will likely be deported and will not be in the United States to be supervised. At all times, the defendant must comply with the rules and regulations of the United States Immigration and Customs Enforcement and, if deported, must not reenter the United States without the express consent of the Secretary of the Department of Homeland Security.

If the defendant is deported, and within five years of release from imprisonment returns to this country, legally or illegally, the defendant must report to the nearest probation office within 72 hours of reentry.  If the defendant for some reason is not deported and remains in this country, the defendant must report to the nearest probation office within 72 hours of release from imprisonment.

## MANDATORY CONDITIONS OF SUPERVISION

1)  You must not commit another federal, state or local crime.
2)  You must not unlawfully possess a controlled substance.
3)  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    - ☑ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4)  ☑ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5)  ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6)  ☑ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7)  ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 11/25)    Judgment in a Criminal Case
Sheet 3A — Supervised Release

DEFENDANT:  Edgar Alexis Garcia Riego
CASE NUMBER:  CR-25-00238-001 MMC

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court, and bring about improvements in your conduct and condition.

1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of RELEASE, unless the probation officer instructs you to report to a different probation office or within a different time frame. After initially reporting to the probation office, you will receive a copy of the Judgment and Commitment which will set out the conditions of your supervision. You will be advised as to how and when you must report to the probation officer.
2) You must not change your authorized residence without the consent of your probation officer.
3) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by these and the special conditions of your supervision that are observed in plain view.
4) You must not commit another federal, state, or local offense.
5) You must not unlawfully possess a controlled substance.
6) If you are arrested by a law enforcement officer, you must notify the probation officer within 72 hours.
7) You must answer truthfully any questions asked by your probation officer.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions.  I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision upon a finding of a violation of probation or supervised release.

(Signed) _____
         Defendant

_____
U.S. Probation Officer/Designated Witness

_____
Date

_____
Date

AO 245B (Rev. 11/25)    Judgment in a Criminal Case
Sheet 3D — Supervised Release

DEFENDANT:  Edgar Alexis Garcia Riego                                                    Judgment — Page 5 of 7
CASE NUMBER:  CR-25-00238-001 MMC

## SPECIAL CONDITIONS OF SUPERVISION

1.   You must submit your person, residence, office, vehicle, electronic devices and their data (including cell phones, computers, and electronic storage media), or any property under your control to a search by a United States Probation Officer or any federal, state or local law enforcement officer at any time with or without suspicion. Failure to submit to such a search may be grounds for revocation. You must warn any residents that the premises may be subject to searches.

2.   You must notify and obtain the prior approval of the probation officer before possessing or using a computer or computer-related device. "Computer or computer-related device" means any electronic device capable of creating, accessing, storing or transmitting images or video. Once you have gained approval to use a device, that approval is ongoing unless withdrawn by the probation office.

3.   If approved to possess a computer or computer-related device, the Probation Office may install monitoring software and/or hardware. You must abide by the rules of the monitoring program in place at the time of installation.

4.   You must not access the internet or any "on-line computer service" on any unmonitored device at any location (including employment) without the prior approval of the probation officer. "On-line services" include any internet service provider, or any other public or private computer network. If the probation officer determines that it is necessary to notify your employer of restrictions to your computer use, the probation officer first must obtain approval from the Court.

5.   You must allow the probation officer to conduct examinations of your computer equipment only when reasonable suspicion exists that there is a violation of a condition of supervision and that the computer or device contains evidence of this violation. The search may include retrieval and/or copying of data from your devices to ensure compliance with all conditions and/or removal of any such equipment for the purpose of conducting more thorough inspection.

6.   You must not possess or use any data encryption technique or program unless it is necessary for your employment or approved by the probation officer.

7.   You must not possess, in any form, child pornography, child erotica, or nude or sexual depictions of any child; or any materials described at 18 U.S.C. § 2256(8).

8.   You must not knowingly frequent or loiter within 100 feet of any location where children are likely to gather, or have knowing contact (personal, electronic, or otherwise) with any child under the age of 18 unless otherwise approved by the probation officer. A "location where children are likely to gather" means playgrounds, theme parks, public swimming pools, schools, arcades, children's museums, or other similar locations, or other specific locations as designated by the probation officer. This provision also does not encompass persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., with whom you must deal in order to obtain ordinary and usual commercial services.

9.   Your residence and employment must be approved by the Probation Officer, and any change in residence and/or employment must be pre-approved by the Probation Officer. You must submit the name and address of the proposed residence and/or employment to the Probation Officer at least 10 days prior to any scheduled change.

10.   You must participate in an out-patient sex offender-specific treatment program, as directed by the probation officer. You may be required to pay part or all of the cost of this treatment, at an amount not to exceed the cost of treatment, as deemed appropriate by the probation officer. The probation officer may release all previous sex offense specific evaluations to the treatment provider.

11.   As part of the treatment program, you must submit to polygraph testing as recommended by the treatment provider. However, you retain your Fifth Amendment right to refuse to answer questions asked during treatment. This includes, but is not limited to, any questions concerning your sexual history or past conduct that could be used to prosecute you or increase your sentence in this or any future case.

AO 245B (Rev. 11/25)  Judgment in a Criminal Case
　　　　　　　　　　Sheet 5 — Criminal Monetary Penalties

DEFENDANT:  Edgar Alexis Garcia Riego                                           Judgment — Page 6 of 7
CASE NUMBER:  CR-25-00238-001 MMC

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $100.00 | Waived | None | None | Waived |

☐　The determination of restitution is deferred until. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐　The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **TOTALS** | $  0.00 | $  0.00 | |

☐　Restitution amount ordered pursuant to plea agreement $

☐　The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐　The court determined that the defendant does not have the ability to pay interest and it is ordered that:

　　☐　the interest requirement is waived for the.

　　☐　the interest requirement is waived for the  is modified as follows:

---

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 11/25)    Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

DEFENDANT:  Edgar Alexis Garcia Riego                                    Judgment — Page 7 of 7
CASE NUMBER:  CR-25-00238-001 MMC

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows*:

**A**  ☐   Lump sum payment of _____ due immediately, balance due

      ☐   not later than  , or
      ☐   in accordance with     ☑ C,   ☐ D, or   ☐ E, and/or   ☐ F below); or

**B**  ☐   Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C**  ☐   Payment in equal  (e.g., weekly, monthly, quarterly) installments of  _ over a period of  (e.g., months or years), to
      commence  (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐   Payment in equal  (e.g., weekly, monthly, quarterly) installments of  _ over a period of  (e.g., months or years), to
      commence  (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  ☐   Payment during the term of supervised release will commence within  (e.g., 30 or 60 days) after release from
      imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☑   Special instructions regarding the payment of criminal monetary penalties:
      **It is further ordered that the defendant shall pay to the United States a special assessment of $100. Payments shall
      be made to the Clerk of U.S. District Court, 450 Golden Gate Ave., Box 36060, San Francisco, CA 94102, or via the
      pay.gov online payment system.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>(including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee,<br>if appropriate |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☑   The defendant shall forfeit the defendant's interest in the following property to the United States: one Apple iPhone 16 Pro
    Max, seized at the San Francisco International Airport on or about July 19, 2025; one Apple iPad seized at the San Francisco
    International Airport on or about July 19, 2025.

☐   The Court gives notice that this case involves other defendants who may be held jointly and severally liable for payment of all
    or part of the restitution ordered herein and may order such payment in the future, **but such future orders do not affect the
    defendant's responsibility for the full amount of the restitution ordered.**

---

* Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment,
(5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of
prosecution and court costs.